RUBENSTEIN LUMBER COMPANY, Plaintiff-Appellant, *v.* AETNA LIFE AND CASUALTY COMPANY, Defendant-Appellee.

First District (3rd Division) No. 82—3096

Opinion filed March 21, 1984.

Frank Glazer, Ltd., of Chicago, for appellant.

Galliani and Kuzel, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Rubenstein Lumber Company, sought a declaratory judgment that defendant, Aetna Life and Casualty Company, must defend and indemnify plaintiff in an action for retaliatory discharge brought against plaintiff by a former employee who had filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). The court entered summary judgment in favor of defendant, and plaintiff appeals. We affirm.

The facts of this case are undisputed. On March 23, 1979, one of plaintiff's employees, who sustained accidental injuries arising out of and in the course of his employment, filed an application for adjustment of claim with the Industrial Commission. This employee subsequently filed a complaint against plaintiff alleging that he was discharged in retaliation for filing a workers' compensation claim. Retaliatory terminations are prohibited by the Workers' Compensation Act, which provides that "[i]t shall be unlawful for any employer *** to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his rights or remedies granted to him by this Act." Ill. Rev. Stat. 1979, ch. 48, par. 138.4(h).

From July 1, 1978, to July 1, 1980, plaintiff paid premiums to defendant for a "Workmen's Compensation and Employers' Liability Policy." Under the policy, defendant agreed "[t]o pay promptly when due all compensation and other benefits required of the Insured by the workmen's compensation law" and to "defend any proceeding against the Insured seeking such benefits ***."

The issue here is whether, under the terms of the insurance policy, defendant is required to defend and indemnify plaintiff in the retaliatory discharge action. Plaintiff contends that the retaliatory discharge action, though a common law action, arises out of the Workers' Compensation Act and is therefore a proceeding within the meaning of the policy. Plaintiff further contends that the retaliatory discharge action seeks compensatory damages which constitute compensation within the meaning of the policy. We reject plaintiff's arguments.

The policy in this case does not require defendant to defend plaintiff in *any proceeding,* for the pertinent provision in the policy does not end with the word "proceeding." Rather, the provision requires defendant to defend plaintiff in "any proceeding against the Insured seeking such benefits ***." The benefits to which this provision refers are those described in the earlier "Coverage A—Workmen's Compensation" provision as "all compensation and other benefits required of the Insured by the workmen's compensation law." Thus, defendant

agreed to defend plaintiff in any proceeding seeking compensation and other benefits required of the insured by the Workers' Compensation Act. We must therefore refer to the Act itself. Though the Act expressly prohibits retaliatory discharges (Ill. Rev. Stat. 1979, ch. 48, par. 138.4(h)), the Act does not provide for any compensation or benefits to an employee in the event that his employer violates the Act by discharging the employee in retaliation for filing a workers' compensation claim. While the tort of retaliatory discharge exists in order to uphold and implement public policy such as that mandated by the Workers' Compensation Act (see *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 129-32, 421 N.E.2d 876, 878-79), it is independent of the prohibition against retaliatory discharge which is found in the Act itself (see *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181-82, 384 N.E.2d 353, 357). In addition, compensatory damages, which have been defined as damages which make good or replace the loss caused by wrong or injury (see *Cody v. American Educational Co.* (1907), 131 Ill. App. 240, 242), are not within the plain and ordinary meaning of the word "compensation." Therefore, we believe that a tort action seeking compensatory damages as a result of a retaliatory discharge is not a proceeding seeking compensation and other benefits required of the employer by the Workers' Compensation Act. We conclude that under the terms of the policy here, defendant is not required to defend and indemnify plaintiff in the retaliatory discharge action brought by one of plaintiff's employees. Moreover, even if the policy was written to expressly require defendant to defend and indemnify plaintiff in the retaliatory discharge action, we believe that such a provision would be void as against public policy, for it would be an attempt to indemnify and insure the company for damages resulting from its voluntary misconduct. An agreement to indemnify or insure against one's voluntary, not accidental, misconduct is against public policy and unenforceable. See *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 500-01, 336 N.E.2d 881, 885.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McGILLICUDDY and WHITE, JJ., concur.