**John A. ALEXANDER, Plaintiff,**

**v.**

**WESTINGHOUSE HITTMAN NUCLEAR INCORPORATED, Defendant.**

**No. 85 C 5333.**

United States District Court,
N.D. Illinois, E.D.

July 9, 1985.

John Thomas Moran, Chicago, Ill., for plaintiff.

Martin K. Denis, Lawrence M. Cohen, Robert S. Letchinger, Fox & Grove, Chtd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Alexander ("Alexander") initially sued his former employer Westinghouse Hittman Nuclear Incorporated ("Westinghouse") in the Circuit Court of Cook County, charging his firing was in retaliation for his having exercised rights under the Illinois Workers' Compensation Act (the "Act"), Ill.Rev.Stat. ch. 48, ¶¶ 138.1 to 138.-30.[1] Westinghouse removed the action to this District Court on diversity of citizenship grounds (Alexander is an Illinois citizen, while Westinghouse is a citizen of both Delaware [its state of incorporation] and

Maryland [the location of its principal place of business]).

Alexander has moved to remand in reliance on 28 U.S.C. § 1445(c):[2]

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

In response to that motion and Alexander's supporting memorandum, Westinghouse has filed a memorandum arguing Alexander's retaliatory-discharge lawsuit does not "aris[e] under" the Act. For the reasons stated in this memorandum opinion and order, Alexander's motion is granted.

This Court does not write on a clean slate. Precisely the same issue has been posed to three district judges, all of whom have reached the same conclusion: remand. *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1036–37 (S.D.W.Va.1984); *Kemp v. Dayton & Rubber Co.*, 435 F.Supp. 1062, 1063 (W.D.Okla.1977); *Fernandez v. Reynolds Metal Co.*, 384 F.Supp. 1281, 1283 (S.D.Tex. 1974).

Westinghouse urges the result here should be different, though, because of:

1. the decision in *Rubenstein Lumber Co. v. Aetna Life and Casualty Co.*, 122 Ill.App.3d 717, 78 Ill.Dec. 541, 462 N.E.2d 660 (1st Dist.1984); and

2. the fact the Texas workers' compensation law (involved in *Fernandez*) and the Oklahoma workers' compensation law (involved in *Kemp*) specifically created a private cause of action for the worker retaliated against, while the corresponding Illinois cause of action was judicially created.

But it is plain Westinghouse's arguments do not tell the whole story.

True enough, Section 138.4(h) simply creates a prohibition against an employer's retaliatory conduct:

---

1. Citations to the provision of the Act relevant here will simply take the form "Section 138.-4(h)."

2. Citations to applicable provisions of Title 28 of the United States Code will also take the form

"Section—." Because there is no numerical similarity at all between those sections and the provision of the Act referred to in n. 1, no confusion should result.

It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

Illinois' General Assembly did not go on in terms (as did the Texas and Oklahoma legislatures) to specify a private damage claim for the employee injured by violation of that statute. Instead it fell to the Illinois Supreme Court in *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978) to recognize a tort claim for the illegally discharged employee on public policy grounds.

That however is exactly parallel to the West Virginia situation.[3] There the legislature enacted a 1978 amendment to the workmen's compensation statute, W.Va. Code § 23–5A–1:

No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter.

Like the Illinois Supreme Court in *Kelsay*, the West Virginia Supreme Court implied a private cause of action where the legislature had not created one. *Shanholtz v. Monongahela Power Co.*, 270 S.E.2d 178 (W.Va.1980) (specifically labeling the action one in tort, consequent on the employer's "contravention of public policy," *id.* at 183).[4]

Against that background Chief District Judge Haden, in his thoughtful *Thomas* opinion, specifically elected to follow the *Fernandez* and *Kemp* cases in ordering remand. Much of what Judge Haden said could well have been written for this case (in illustration of which the following quotation, 583 F.Supp. at 1037, has been adapted to the Illinois situation by substituting the bracketed language for its West Virginia counterparts):

Finding its rule of decision in the *Fernandez* and *Kemp* cases, this Court concludes that [Section 138.4(h)] is a law arising under the workmen's compensation laws of [Illinois] and Plaintiff's instant action, founded upon this statute and the [Illinois] Supreme Court's opinion in [*Kelsay*], is barred from removal to federal court by 28 U.S.C. § 1445(c). In reaching this conclusion the Court is persuaded not only by the fact that [Section 138.4(h)] is codified as part of the

**3.** Indeed the parallel between *Kelsay* and the corresponding West Virginia decision in *Shanholtz* (cited later in this paragraph of the text) is even more striking than the courts' identical conclusions would alone suggest. Each of those decisions also specifically cited and elected to follow the same cases: *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973) and *Sventko v. Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1976).

**4.** Though Westinghouse's memorandum may not contain any outright misrepresentations, it must be viewed as a bit disingenuous in its handling of this issue. Westinghouse Mem. 2 n. 2 says:

In those cases where removal has been deemed improper (see *Kemp v. Dayton Tire and Rubber Co.*, 435 F.Supp. [1062] 1063 (W.D.Okla.1977), and *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281 (S.D.Tex.1974), which are cited in Alexander's brief (pp. 2–3)), a State statute provided a civil remedy for violating the statute. In contrast, Illinois' stat-

ute is, as Alexander concedes, merely "a penal statute" (Plaintiff's br., p. 4), and no statutorily prescribed civil remedy is provided. Rather, any cause of action that Alexander might have for retaliatory discharge is predicated on a common law tort theory. Accord, *Rubenstein Lumber*, 78 Ill.Dec. at 543, 462 N.E.2d at 662.

Were Westinghouse's memorandum a securities prospectus, its reference to "those cases" and the contrast with the Illinois situation—while at the same time remaining wholly silent on the West Virginia case, which reads on all fours with the Illinois situation and is not distinguishable on the basis suggested—would not pass SEC Rule 10b–5 scrutiny (including its stricture against misleading *omissions*). It would have been far more forthright for Westinghouse to acknowledge the parallel between the West Virginia and Illinois statutes and then argue *Thomas* should nonetheless not be followed by this Court.

[Illinois] Workmen's Compensation laws (collected at [Section 138.4 of chapter 38 of the Illinois statutes]) but also by the fact that it is an integral, even essential, component of the legislatively created workmen's compensation scheme. The elaborate workmen's compensation plan established by the legislature would be nullified if workers refrained from filing claims for benefits or otherwise refused to participate in workmen's compensation proceedings, for fear that they would be terminated because of their action. The protection afforded workers pursuant to the provisions of [Section 138.4(h)], then, demarcates it as an important part of [Illinois'] workmen's compensation laws. Any civil action brought by an employee to seek redress for an employer's alleged violation of this statute is an equally important aspect of the legislative scheme since a private action brought by an aggrieved employee is the only method to enforce the prohibition against retaliatory conduct set forth in [Section 138.4(h)].[5] Therefore, a worker's private action, such as Plaintiff's, must be considered as an action "arising under the workmen's compensation laws" of [Illinois].

It remains only to consider whether *Rubenstein* makes any difference. Here too Westinghouse has not told us everything. It is not true (as Westinghouse claims) that *Rubenstein* "expressly rejected" (Westinghouse Mem. 2):

> [t]he argument that a complaint alleging that the plaintiff was discharged for filing a workers' compensation claim arises under the Illinois Workers' Compensation Act....

What *was* at issue in *Rubenstein* was whether a workers' compensation insurer was required by the policy terms to defend and indemnify an employer defendant in a retaliatory discharge action. What the policy required of the insurer was to defend

the employer (the "Insured") in "any proceeding against the Insured seeking such benefits...." In turn, "benefits" referred back to the policy's coverage provision extending to "all compensation and other benefits required of the Insured by the workmen's compensation law."

Of course the Illinois Appellate Court rejected the employer's contention (122 Ill. App.3d at 719, 78 Ill.Dec. at 543, 462 N.E.2d at 662):

> Therefore, we believe that a tort action seeking compensatory damages as a result of a retaliatory discharge is not a proceeding seeking compensation and other benefits required of the employer by the Workers' Compensation Act.

It found the employer had mischaracterized the employee's claims, in terms of policy coverage, by its argument "that the retaliatory discharge action, though a common law action, arises out of the Workers' Compensation Act and is therefore a proceeding within the meaning of the policy" (*id.* at 718, 78 Ill.Dec. at 542, 462 N.E.2d at 661). As the Appellate Court pointed out, "the pertinent provision in the policy does not end with the word 'proceeding'" (*id.*).

Thus *Rubenstein* decided a retaliatory-discharge lawsuit was not for "compensation and other benefits required of the [employer] by the workmen's compensation law." But that is a far different question from the one presented here and dealt with in *Thomas* in the language quoted earlier: whether such a lawsuit "arises under" the Act. As Chief Judge Haden said on that score, 583 F.Supp. at 1037 n. 10 (again adapted to the Illinois situation, but with emphasis in the original):

> It is important to note that it is the statute itself which *creates* Plaintiff's cause of action for retaliatory discharge. The [Illinois] Supreme Court's opinion in [*Kelsay*] merely *recognizes* the cause of action created by the statute.

---

**5.** [Footnote by this Court] Act § 138.26 makes any violation a "petty offense," while there appears to be no corresponding provision in the West Virginia statute. That however does not vitiate the force of the *Thomas* analysis, for the employee's private right of action is obviously the only truly effective means of implementing the prohibition against an employer's retaliatory conduct.

Accordingly this Court adheres to the same analysis as *Thomas*. It also finds persuasive, as did Chief Judge Haden, the special consideration applicable where (as here) jurisdictional considerations are present. Without ascribing any sandbagging motive to Westinghouse, this Court is mindful of the possibility that a court's mistaken decision in favor of retention of a remandable case could result in a judgment subject to later attack for want of subject matter jurisdiction. See, e.g., *Ross v. Inter-Ocean Insurance Co.*, 693 F.2d 659, 663 (7th Cir.1982). Conversely remand can pose no such risk of judicial (and litigants') diseconomy. As Judge Schwarzer put it in *Rosack v. Volvo of America Corp.*, 421 F.Supp. 933, 937 (N.D.Cal.1976):

> Even if there were reason to doubt the correctness of this disposition, any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking.

That approach is wholly consistent with the concept that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal] legislation." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

This Court therefore finds Section 1445(c) applies, so "that the case was removed improvidently and without jurisdiction" (Section 1447(c)). This action is remanded to the Circuit Court of Cook County.