Roberta ORSINI, Plaintiff,

v.

ECHLIN, INC., Defendant.

No. 86 C 2976.

United States District Court, N.D. Illinois, E.D.

May 2, 1986.
Supplemented May 8, 1986.

Peter F. Ferraceti, Brad Denney, Law Offices of Peter F. Ferraceti, P.C., Ottawa, Ill., for plaintiff.

Dan T. Carter, Paul R. Beshears, Smith, Currie & Hancock, Atlanta, Ga., Paul E. Lehner, Philip Fertik, Adams, Fox, Adelstein & Rosen, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Echlin, Inc. ("Echlin") has just removed to this District Court from the Circuit Court of the 13th Judicial District, LaSalle County, Illinois, the lawsuit filed by Echlin's ex-employee Roberta Orsini ("Orsini"). For the reasons stated in this memorandum opinion and order, this Court remands this action sua sponte.

Echlin's removal of this case has to be viewed as posing some doubts as to its bona fides. Two independent reasons demonstrate such removal is without foundation, and it would seem that should have been known to be so by Echlin's lawyers.

■ First of all, Orsini sues on what are unquestionably state grounds:

1. claimed retaliatory discharge following her exercise of rights under the Illinois Workers' Compensation Act (the "Act"), Ill.Rev.Stat. ch. 48, ¶¶ 138.1 to 138.30; and

2. allegedly intentional infliction of mental and emotional harms by the discharge so motivated.

Echlin contends Orsini was an employee subject to a collective bargaining agreement, thus compelling her to sue under federal law. But *Orsini* does not claim violation of the collective bargaining agreement. It is black-letter law that:

1. Plaintiff is master of her own claim for purposes of determining federal jurisdiction. *The Fair v. Kohler Die*

*& Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

2. Echlin thus cannot rely on its potential federal-law *defense* as a basis for removal. *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 461–62, 464, 14 S.Ct. 654, 656–57, 658, 38 L.Ed. 511 (1894); cf. *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

■ Second, Orsini's action unquestionably embraces an asserted violation of the Act, on which both her claims are squarely grounded (see Act § 138.4(h), prohibiting punitive action by employers in response to the exercise of rights under the Act). As such, the claims cannot be removed because of the bar of 28 U.S.C. § 1445(c). See this Court's opinion in *Alexander v. Westinghouse Hittman Nuclear Inc.,* 612 F.Supp. 1118 (N.D.Ill.1985), construing the "arising under" language of that section of the removal statutes. And that section precludes removal under either the federal-question or diversity-of-jurisdiction theories.

Either of those grounds would be fully dispositive here. Together they are doubly fatal.[1] Each of them separately demonstrates "the case was removed improvidently and without jurisdiction" (28 U.S.C. § 1447(c)). This action is remanded to the state Circuit Court from which it came, and Echlin is ordered to pay just costs to Orsini.

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

Almost immediately after this Court's May 2, 1986 memorandum opinion and order (the "Opinion") remanding this action to the Circuit Court of the Thirteenth Judicial District, LaSalle County, Illinois because "the case was removed improvidently

---

1. There is a third point that bears mention, at least in passing. Orsini's Complaint contains two counts, each of which prays judgment for $9,500. It is not wholly clear whether Orsini seeks $19,000 or whether the two counts are rather alternative routes to the same $9,500 destination (if the latter, the $10,000 jurisdictional amount needed for diversity jurisdiction would be absent). But this Court believes the Complaint may be fairly read as Echlin does, so this would not inhibit an otherwise proper removal.

and without jurisdiction" (28 U.S.C. § 1447(c)[1]), Echlin, Inc. ("Echlin") moved for reconsideration. For the reasons stated in this supplement to the Opinion, this Court's decision to remand the case stands.

By sheer chance, in the interim between issuance of the Opinion and Echlin's current motion this Court received another virtually identical removal petition in *Lofton v. General Electric Co.*, No. 86 C 3089.[2] In dealing with *Lofton* this Court substantially copied the Opinion, adding however a brief discussion of the preemption question that has since been posed by Echlin's current motion. In the course of preparing that discussion this Court reviewed the same authorities now raised by Echlin (and more), finding they supported rather than forestalled remand. This supplemental opinion will expand on the *Lofton* opinion to treat specifically with Echlin's present arguments.

It is first important to examine exactly what the Illinois Supreme Court has done in recognizing the viability of the cause of action on which plaintiff Roberta Orsini ("Orsini") sues. In *Midgett v. Sackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984) that Court reviewed in detail the argued-for tort of retaliatory discharge for an employee's exercise of rights under the Illinois Workers' Compensation Act (the "Act"), Ill. Rev. Stat. ch. 48, ¶¶ 138.1 to 138.30. In upholding that right of action the Court flatly rejected the notion that any distinction should exist between employees who were subject to a collective bargaining agreement ("CBA") and those who were not, insisting that *every* retaliated-against employee was entitled to assert such a cause of action. Justice Daniel Ward, speaking for the majority, emphasized the unreasonableness of differentiating between employees in terms of what was viewed the aleatory circumstance of a CBA, stating in part (*id.* at 150–51, 85 Ill.Dec. at 479, 473 N.E.2d at 1284):

> It would be unreasonable to immunize from punitive damages an employer who unjustly discharges a union employee, while allowing the imposition of punitive against an employer who unfairly terminates a nonunion employee. The public policy against retaliatory discharges applies with equal force in both situations.

\* \* \* \* \* \*

There is an important public interest in protecting the rights of workers under the Act, and in deterring unscrupulous employers from discharging employees. And it is highly significant that the dissenting Justices (*id.* at 154–57, 85 Ill.Dec. at 480–82, 473 N.E.2d at 1285–87) unsuccessfully urged on the majority that the existence of a CBA, with its typical contractual remedies (most importantly arbitration), *should* make a difference as to whether suit for an Act-violative retaliation should or should not be allowed.

In short the Illinois Supreme Court, the ultimate authority as to state law, has made a deliberate choice: It has decided the gravamen of the cause of action rests in the Act and *not* in the existence of a CBA. Any such union-employer agreement is an irrelevancy for the aggrieved Illinois worker—it matters not a whit whether his or her employer is or is not a party to one. That may profitably be contrasted (for reasons treated a bit later) with the Indiana situation. There the Indiana Supreme Court in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d

---

**1.** All further citations to Title 28 will simply take the form "Section—." Though the same usage will be employed in dealing with "Section 301" of the Labor Management Relations Act ("LMRA"), the section numbering is so different that no confusion can result.

**2.** Events have moved very rapidly here. Echlin removed this action to this District Court April 29, and this Court issued the Opinion remanding this case May 2 (the very same day *Lofton* was removed here). This Court issued its opinion remanding *Lofton* May 6. [Available on WESTLAW, DCTU database.] Echlin's motion for reconsideration in this case (accompanied by a supporting memorandum) was received in chambers later the same day, with a notice to opposing counsel that the motion would be presented at this Court's May 8 motion call. This opinion, though being dictated May 7, will be dated May 8 and delivered to counsel at that motion call.

425 (1973) specifically grounded *its* creation of a like tort remedy (allowing recovery against retaliation for the filing of a workmen's compensation claim) on the provision of the Indiana statute that in part provides "no *contract*" ... shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act" (Ind. Code § 22–3–2–15, as quoted (complete with emphasis) in *Vantine v. Elkhart Brass Manufacturing Co.*, 762 F.2d 511, 517 (7th Cir.1985)).

Now what is the gravamen of the federal preemption argument asserted by Echlin? Its current Mem. 2 states the argument succinctly:

> However, it is submitted that due to the preemption of these state law claims by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Plaintiff's only cause of action is under Federal law and removal was proper.

Its Mem. 2 just as accurately identifies the core of its position as the "artful pleading doctrine," which forbids a plaintiff from "defeat[ing] removal by omitting to plead necessary Federal questions in a complaint...." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). And of course the "necessary Federal question" in a Section 301 claim depends on the existence of a CBA—that is the essence of jurisdiction under LMRA. See generally Comment, *Federal Preemption, Removal Jurisdiction, and the Well-Pleaded Complaint Rule*, 51 U. Chi.L.Rev. 634 (1984).

Nothing could be less descriptive of the Illinois cause of action on which Orsini sues. As already discussed, *Midgett's* very recognition of the retaliation tort specifically insisted on the irrelevance of any CBA. It is scarcely "artful" for Orsini to have omitted that fact (the existence of a CBA between Echlin and a union representing Orsini) from her Complaint, just as it was not "artful" for her Complaint to have omitted such other irrelevant facts as that she was (say) five feet four inches tall, had (say) black hair, lived (say) in a single fami-

ly residence—the examples need not be multiplied further. It was precisely because of that analysis that this Court pointed out in *Lofton* that the *exception* recognized in *Oglesby v. RCA Corp.*, 752 F.2d 272 (7th Cir.1985) (the case on which Echlin's memorandum places its initial and heaviest reliance) applies directly here (*id.* at 276 n. 3):

> By contrast, where the right sought to be vindicated in a state court is based on a claim rooted in state policy which in no way conflicts with federal labor law policy, the action is not removable.

And it was for the same reason that *Lofton* pointed out how unquestionably, in the terms expressed by *National Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir.1986) (our Court of Appeals' most recent treatment of the subject, not adverted to by Echlin):

> The state law [the Act] create[s] an entitlement that [is] independent of the collective bargaining contract.

Echlin also seeks to invoke *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)—the most recent definitive word in this area. But though Echlin Mem. 5 accurately states the Supreme Court's reasoning, it wholly misstates its impact. This Court must listen to what the Supreme Court really said, not what Echlin says about what it said (105 S.Ct. at 1911–12):

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract. Nor is there any suggestion that Congress, in adopting § 301, wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored.

Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Therefore, state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements. Cf. *Malone v. White Motor Corp.*, 435 U.S., [497] at 504–505, 98 S.Ct., [1185] at 1189–1190 [55 L.Ed.2d 443] (NLRA preemption). Our analysis must focus, then, on whether the Wisconsin tort action for breach of the duty of good faith as applied here confers non-negotiable state law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract. If the state tort law purports to define the meaning of the contract relationship, that law is pre-empted.[3]

Given the square holding of *Midgett,* the Illinois tort law specifically *does not* "purport[ ] to define the meaning of the contract relationship...." Instead the existence vel non of a CBA, and hence the meaning of its terms, has no bearing whatever on the Illinois cause of action. No more accurate description of *Midgett* could be given than a "state rule[ ] that proscribe[s] conduct, or establish[es] rights and obligations, independent of a labor contract" (*Allis-Chalmers,* 105 S.Ct. at 1912). If a CBA does not exist, the Illinois cause of action exists; if a CBA does exist, the Illinois cause of action still exists to the identical extent, no matter what the CBA provides or does not provide. In the Illinois situation *Allis-Chalmers* operates in full force to support this Court's ruling, *not* Echlin's position.

One last point bears mention, as promised earlier. Echlin also correctly adverts to *Vantine* as having held Section 1445(c) did not bar removal of a like retaliation claim by an Indiana employee. But as already pointed out, our Court of Appeals in *Vantine* pointed to the essence of the Indiana tort (as declared by the Indiana Supreme Court in *Frampton* ) as being based on the existence of the *agreement.* Two consequences flow from that:

1. Under Indiana law the retaliation cause of action does not "arise under" the workmen's compensation act but under the agreement, thus taking Section 1445(c) out of play.

2. Indiana law plainly calls for application of the "artful pleader" doctrine, because the contract *does* make a difference.

Neither of those consequences applies to the Illinois tort, precisely because of its sharply different origins as defined by the controlling source of law, the Illinois Supreme Court.

Thus no change in the Opinion is called for—except possibly one. Early in the Opinion this Court spoke of Echlin's removal "as posing some doubts as to its bona fides." To the extent that could be read as an unkind reference to a lack of thought on the part of Echlin's counsel, it is withdrawn. What the current motion shows is not counsel's absence of knowledge of the cases, but rather a failure to recognize that the "artful pleader" doctrine is not intended to swallow up the world of state claims, as *Allis-Chalmers* plainly teaches. Instead the doctrine is meant to unmask federal claims masquerading in state-claim garb. And where the gravamen of a state

---

**3.** [Footnote by this Court] *Allis-Chalmers* bears so heavily on this case that this Court is tempted to quote from it even more extensively. That however would be "To gild refined gold, to paint the lily." Simply to read what the Supreme Court *did* in *Allis-Chalmers*—just *why* it found preemption there, because of the vital part the CBA played in defining the state tort and vice versa—demonstrates graphically why the opposite result is called for here.

claim truly rests in the state law of workers' compensation (see this Court's earlier opinion in *Alexander v. Westinghouse Hittman Nuclear Inc.*, 612 F.Supp. 1118 (N.D.Ill.1985))—where it truly is one "arising under the workmen's compensation laws of such State"—*Congress* has decreed the federal courts shall not intrude, by enacting the Section 1445(c) prohibition against removal.[4]

Accordingly the Opinion, as supplemented by this more expansive treatment, stands. Echlin's motion for reconsideration (in the sense it asks for a different outcome) is denied.

---

**4.** It is scarcely necessary to repeat that, at least for the lower federal courts, Congress is the master of our jurisdictional limitations. Where Congress has spoken directly to limit jurisdiction (as in Section 1445(c)), ordinary principles of statutory construction would lead that specif- ic mandate to prevail over what would at best be an inference drawn from a congressional grant of jurisdiction (Section 301)—that is, even if the two statutes were in conflict. In this case they are not, and there is no need to choose between conflicting signals.