Harrison ROSELL, Plaintiff,

v.

**ROADWAY EXPRESS, INC.,**
**Defendant.**

No. 88 C 10551.

United States District Court,
N.D. Illinois, E.D.

Dec. 20, 1988.

Harvey Melinger, Chicago, Ill., for plaintiff.

James C. Franczek, Jr., Andrea R. Waintroob, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Roadway Express, Inc. ("Roadway") has filed a Notice of Removal ("Notice") from the Circuit Court of Cook County of this action brought by Harrison Rosell ("Rosell"). Based on this Court's threshold review of Roadway's Notice,[1] this Court sua sponte remands the action to the Circuit Court from which it came.

■ As an initial matter, in at least a technical sense—and perhaps in substantive terms as well—Roadway has failed to establish the necessary predicate for federal jurisdiction and hence for removal. Notice ¶ 2 says only this as to the parties' citizenship:

2. Petitioner, Roadway Express, Inc., is a Delaware corporation and Plaintiff Roselle is a citizen of Illinois.

For aught that appears, "Delaware corporation" Roadway could have its principal place of business in Illinois[2] and hence could lack diversity of citizenship under the other branch of 28 U.S.C. § 1332(c)[3] (*Rush Presbyterian St. Luke's Medical Center v. Safeco Insurance Co.*, 825 F.2d 1204, 1205 (7th Cir.1987)).

■ That pleading failure alone means Roadway has not carried its burden of establishing subject matter jurisdiction in this Court, for federal courts can deal with cases only as Congress specifies (see Section 1332(c)) and as a party's (in this case, the removing party's) express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 87 & n. 99, and cases there cited (1969 ed. and 1987 supp.); 13 B *id.* § 3624, at 610 & n. 20, and cases there cited (1984 ed. and 1988 pocket part). Federal jurisdiction cannot be based on surmise or guesswork.

Such a lack of showing as to diversity may be a curable defect, because it stems solely from the incompleteness of the Notice. But there is another problem with Roadway's removal, this one noncurable and therefore fatal.

■ Rosell sues in two counts, each based on Roadway's termination of his employment—a termination alleged to have been "because he has filed a claim for worker's compensation for injuries received at work" (Complaint ¶ 7). As the necessary substantive predicate for both of Rosell's claims, he alleges (Complaint ¶ 8):

That said termination is against the public policy of the State of Illinois.

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. Rosell's papers, attached as exhibits to the Notice, give no indication of an address for Roadway except the one designated for service of process, 2000 Lincoln Highway, Sauk Village, IL 60411. Notice Ex. A (a copy of the summons) bears a "Received" stamp of Roadway's Industrial Relations Department, though the geographical location of that department is not indicated.

3. All further references to Title 28's provisions will simply take the form "Section——."

And although Rosell does not specifically cite the relevant statute for that purpose, the necessary root source of that public policy is in what the Illinois General Assembly has provided in the Illinois Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.4(h).

There is nothing new about the legal question posed by Roadway's attempted removal. This Court has already dealt at length with the identical problem in *Alexander v. Westinghouse Hittman Nuclear Inc.*, 612 F.Supp. 1118 (N.D.Ill.1985) (a decision it has followed on several occasions since). *Alexander* held, and this Court continues to find, that an action such as Rosell's is one "arising under the workmen's laws of [Illinois]" and is accordingly nonremovable under Section 1445(c).[4]

■ Almost invariably this Court, when confronted with a jurisdictionally defective pleading and issuing a sua sponte opinion to deal with it, provides the pleader with the opportunity to go back to the drawing board to make things right. Removed cases present a different situation from jurisdictionally flawed complaints, however, because the *plaintiff* is master of his own claim for purposes of determining federal jurisdiction (*The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)). That means (with a limited exception not relevant here) the removing defendant must take the plaintiff's complaint at face value for jurisdictional purposes.[5]

This situation is no different conceptually from a lawsuit with a $9,000 ad damnum, in which defendant nonetheless seeks to remove on the basis of unquestionable diversity of citizenship. Like such a lawsuit, this is one in which the Court "lacks subject matter jurisdiction" in the sense contemplated by Section 1447(c).

Accordingly this Court sua sponte remands this action to the Circuit Court of Cook County. There is no reason to delay the case in transit, so the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith (see this District Court's General Rule 30(b)).

### APPENDIX

In *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (N.D.Ill.1986), *aff'd* by unpublished order 822 F.2d 1091 (7th Cir.1987), this Court's colleague Honorable Marvin Aspen came to the opposite conclusion as to the applicability of Section 1445(c) from that reached by this Court in *Alexander* and subsequent cases. Two aspects of that difference in result are significant:

1. Judge Aspen did not deal at all with *Alexander* or with the other authorities and considerations treated at length in *Alexander*, 612 F.Supp. at 1119–22. Indeed Judge Aspen's lack of any mention of the then-recent *Alexander* opinion in his own *Waycaster* opinion suggests that the litigants in his case had failed to call his attention to *Alexander* (or to those other authorities). In any event, nothing in *Waycaster* leads this Court to change its view, for in *Alexander* and later cases it had considered all the matters referred to in Judge Aspen's opinion.

2. Although our Court of Appeals' Circuit Rule 53(b)(2)(iv) precludes the *Waycaster* affirmance from being cited as authority, this Court did obtain the unpublished order to see whether the Court of Appeals had dealt with the issue on which this Court and Judge Aspen part company. But the Court of Appeals did not—all it did was to affirm in a single sentence, citing to its own en banc opinion in *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031 (7th Cir. 1987) (a decision handed down just one

---

4. See Appendix.

5. That principle would not be offended if, for example, the only problem with the Notice had been the one dealt with at the outset of this opinion: the questionable allegations as to citizenship. In that event this Court would not have ordered immediate remand. Instead Roadway would have been given leave to amend the Notice to cure the defect, as Section 1653 allows (see, e.g., *Itasca Industrial Venture v. Michelin Tire Corp.*, No. 88 C 9891, slip op. (N.D. Ill. Nov. 28, 1988) [1988 WL 130053]).

week before the *Waycaster* affirmance). And the only relevant aspect of *Lingle* treated with the propriety of Judge Aspen's second holding in *Waycaster*, in which he dismissed the case on preemption grounds.

In that latter respect, of course, this Court also had a very different view from that taken by Judge Aspen and the Court of Appeals (see, e.g., such decisions of this Court as *Orsini v. Echlin, Inc.*, 637 F.Supp. 38, 40–43 (N.D.Ill.1986) and *La Buhn v. Bulkmatic Transport Co.*, 644 F.Supp. 942 (N.D.Ill.1986)). Indeed *Lingle*, 823 F.2d at 1044 n. 14 was specifically critical of this Court's views as expressed in *La Buhn*. But the final word has since come from the Supreme Court, which has unanimously reversed *Lingle* and reaffirmed the principles that this Court had followed (though swimming against the tide) in *Orsini, La Buhn* and other cases. At the Supreme Court level, *Lingle* is reported at — U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).