**ARTCO–BELL CORPORATION,**
**Appellant,**

v.

**LIBERTY–MUTUAL INSURANCE**
**COMPANY, Appellee.**

**No. 9098.**

Court of Appeals of Texas,
Texarkana.

March 22, 1983.

Charles B. McGregor, Beard & Kultgen, Waco, for appellant.

David M. Moore, Wilson & Grosenheider, Austin, for appellee.

CORNELIUS, Chief Justice.

In this case of first impression, we are confronted with the issue whether an employer's liability insurance policy affording coverage for worker's compensation benefits also covers damages the employer becomes required to pay to a wrongfully discharged employee pursuant to Tex.Rev.Civ. Stat.Ann. art. 8307c (Vernon Supp.1982–1983).[1] We conclude that it does not and will affirm the trial court's judgment.

A $5,000.00 damage judgment was rendered against Artco-Bell on jury findings that it discharged Jesse Schrader because he filed a worker's compensation claim. Artco-Bell had an employer's liability insurance policy issued by Liberty Mutual, which among other things, agreed to pay "... all compensation and other benefits required of the insured by the workman's compensation law." Other portions of the policy provided that it applied only to injuries due to accident or disease incurred while in the employ of Artco-Bell, and that Artco-Bell would be

---

1. Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1982–1983):

"Protection of Claimants from discrimination by employers; remedies; jurisdiction

"Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim instituted or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

"Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

"Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act."

required to reimburse Liberty Mutual for any amount paid under the workman's compensation law "solely because of injury to ... any employee by reason of the serious and willful misconduct of the insured ...".

 Artco-Bell contends the right to damages for wrongful discharge recovered under Article 8307c is a benefit required of the insured by the worker's compensation law and thus comes within the coverage of the policy. We disagree. Our worker's compensation law was enacted for the purpose of providing compensation and medical expenses, or death benefits, for workers who experience physical injuries while in the scope of their employment. *Woolsey v. Panhandle Refining Co.,* 131 Tex. 449, 116 S.W.2d 675 (1938). For the purposes of the Act, injury is defined as damage or harm to the physical structure of the body caused by accident, and such diseases and infections as naturally result therefrom. Tex.Rev.Civ. Stat.Ann. art. 8306, § 20 (Vernon 1967); *Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334 (Tex.1979); *Olson v. Hartford Accident and Indemnity Company,* 477 S.W.2d 859 (Tex.1972). Article 8306, § 3 of the Act provides that the insurance association (or insurance carrier) shall be liable to an injured employee for compensation for personal injuries, and there shall be no cause of action against a subscriber employer. Thus, the act places liability on the association or carrier for "damages for personal injuries." Regardless of whether or not Article 8307c is considered a part of the Worker's Compensation Act,[2] we think it is clear that "compensation and other benefits" as contemplated by the act and the insurance policy involved here, mean compensation and medical care, or death benefits, resulting from accidental injuries to the body, and not damages which may be recovered in a separate suit for wrongful discharge. Undoubtedly, employers can purchase insurance covering their liability in wrongful discharge cases, but we do not believe that a contract to pay all compensa-

tion and other benefits required under the worker's compensation law should be held to encompass the other liability unless the text or context of the policy plainly requires it. Even if the general policy language here could be construed to encompass damages for wrongful discharge, Artco-Bell would still be faced with other provisions of the policy which restrict its application to physical injuries, and exclude coverage for injuries willfully inflicted or caused by the employer.

We agree with the trial court's conclusion that the policy does not cover damages for wrongful discharge. The judgment of the trial court is affirmed.

---

**2.** There was testimony that Article 8307c was enacted by the legislature, not as an amendment to the worker's compensation law, but as a general law, and that the designation of it as Article 8307c was made by the West Publishing Company.