The FIDELITY & CASUALTY COMPANY OF NEW YORK and the Continental Insurance Company, Appellants,

v.

GAEDCKE EQUIPMENT COMPANY, Appellee.

No. 01–85–0962–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 22, 1986.

Rehearing Denied Aug. 14, 1986.

Phillip S. Gordon, Gustafson & Venzke, Houston, for appellants.

John Somyak, Stovall & Somyak, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

The defendants, Fidelity & Casualty Company of New York and Continental Insurance Company, appeal from an order of the trial court granting a summary judgment in favor of the plaintiff and denying their motion for summary judgment.

Both sides agree that the central issue is one of law, i.e., whether the defendants had a duty to defend the plaintiff in a prior wrongful discharge suit filed by one of the plaintiff's former employees. By its summary judgment ruling, the trial court determined, as a matter of law, that the defendants did have the duty to defend, and it awarded the plaintiff $45,380.48 plus attorney's fees in the amount of $6,992. We conclude that the trial court erred in that determination.

The summary judgment record reflects that at some point after the plaintiff's employee had suffered an employment related injury and was paid compensation under the Workers' Compensation Act, the plaintiff discharged the worker from its employ. The employee subsequently brought a wrongful discharge action against the plaintiff under Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1986). The plaintiff notified the defendants of the pending lawsuit and requested that the defendants, pursuant to the insurance contract, defend the lawsuit on behalf of the plaintiff. The defendants refused to defend, contending that the wrongful discharge action did not fall within the coverage terms of the insurance contract. Eventually, the cause of action asserted by the former employee was denied, and the plaintiff then instituted this suit against the defendants to recover its attorney's fees and expenses incurred in defending the lawsuit.

Under the insurance contract, the defendant insurance companies were obligated "to pay promptly when due all *compensation* and other *benefits* required of the insured by the Workers' Compensation

Law." The contract further obligated the defendants to pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages *because of bodily injury by accident or disease,* including death at any time resulting therefrom...."

For a claim coming within the provisions of the insurance contract, the defendants were also obligated to "defend any proceeding against the insured *seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof....*"

The plaintiffs argue that article 8307c is part of the Workers' Compensation Act, title 130, and therefore, that any "benefits" received by a claimant under article 8307c must be deemed to have been included in the policy coverage. We disagree, and in doing so, we follow the holding in *Artco-Bell Corp. v. Liberty-Mutual Insurance Co.,* 649 S.W.2d 722 (Tex.App.—Texarkana 1983, no writ). There, the court stated:

> Regardless of whether or not article 8307c is considered a part of the Worker's Compensation Act, we think it is clear that "compensation and other benefits" as contemplated by the act and the insurance policy involved here, mean compensation and medical care, or death benefits, resulting from accidental injuries to the body, and not damages which may be recovered in a separate suit for wrongful discharge. Undoubtedly, employers can purchase insurance covering their liability in wrongful discharge cases, but we do not believe that a contract to pay all compensation and other benefits required under the worker's compensation law should be held to encompass the other liability unless the text or context of the policy plainly requires it.

*Id.* at 724.

Here, the insurance contract did not plainly encompass liability in wrongful discharge cases, and we accordingly hold that the trial court erred in granting the plaintiff's motion for summary judgment and in overruling the defendants' motion for summary judgment. Because the issue presented by the defendant's motion is one of law, we render a take-nothing judgment in favor of the defendants. Tex.R.Civ.P. 434; *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958).

Because of this disposition of the appeal, we need not discuss the question of whether the trial court also erred in awarding attorney's fees to the plaintiff.

The summary judgment entered by the trial court in favor of the plaintiff, Gaedcke Equipment Co., is reversed, and the motion for summary judgment of the defendants, Fidelity & Casualty Company of New York and Continental Insurance Company, is granted. A take-nothing judgment is entered against the plaintiff and in favor of both said defendants, and all costs of suit and of this appeal are adjudged against the plaintiff.