Bobby Joe RICHARDSON, Plaintiff,

v.

OWENS–ILLINOIS GLASS
CONTAINER, INC.,
Defendant.

Civ. A. No. W–88–CA–337.

United States District Court,
W.D. Texas,
Waco Division.

Nov. 10, 1988.

R. John Cullar, Mills, Millar & Matkin, Waco, Tex., for plaintiff.

W. Neil Rambin, J. Mark Penley, Strasburger & Price, Dallas, Tex., for defendant.

ORDER

WALTER S. SMITH, Jr., District Judge.

The sole issue of Plaintiff's motion to remand is whether Article 8307c of Vernon's Annotated Statutes should be considered as arising under the workmen's compensation scheme of Texas. After careful consideration of the motion and accompanying briefs of the parties, the Court finds the Plaintiff's Motion lacks merit and should be denied.

Article 8307c states in pertinent part:

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon Supp.1988).

Initially, the Court notes that a civil action arising under state workmen's compensation laws should not be removed to a district court of the United States. 28 U.S. C. § 1445(c). This circuit has had few opportunities to view this statute in relation to Article 8307c. In *Fernandez v. Reynolds Metals Co.*, District Court noted the paucity of law on the subject and held that an action based on Article 8307c should not be removed. 384 F.Supp. 1281, 1283 (S.D. Tex.1974). The Court's rationale for remand largely turned on the premises that federal courts should not strain to allow removal of workmen's compensation suits and courts should remand when federal jurisdiction is doubtful. *Id.* at 1283.

Recently, Texas Courts of Appeals have found that recovery for wrongful discharge is separable from the compensation resulting from accidental injuries. *Fidelity & Casualty Co. of New York v. Gaedcke Equipment Co.*, 716 S.W.2d 542, 543 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Artco–Bell Corp. v. Liberty Mutual Insurance Co.*, 649 S.W.2d 722, 724 (Tex.App.—Texarkana 1983, no writ). In *Artco–Bell*, the Court of Appeals in Texarkana reasoned that the workmen's compensation laws were enacted "for the purpose of providing compensation and medical expenses, or death benefits, for workers who experience physical injuries while in the scope of their employment." *Artco–Bell*, 649 S.W.2d at 724 citing *Woolsey v. Panhandle Refining Co.*, 131 Tex. 449, 116 S.W.2d 675 (1935).

However, an injury only encompasses damage to the body's physical structure and resulting infections and diseases. *Id.* citing Tex.Rev.Civ.Stat.Ann. art. 8306 § 20 (Vernon 1967); *Transport Insurance Co. v. Maksyn*, 580 S.W.2d 334 (Tex.1979); *Olson v. Hartford Accident and Indemnity Co.*, 477 S.W.2d 859 (Tex.1972). The Court held:

> Regardless of whether or not Article 8307c is considered a part of the worker's compensation act, we think it is clear that "compensation and other benefits" as contemplated by the act and the insurance policy involved here, mean compensation and medical care, or death benefits, resulting from accidental injuries to the body, and not damages which may be recovered in a separate suit for wrongful discharge.

*Artco-Bell*, 649 S.W.2d at 724 (footnote omitted).

The Court of Appeals of Houston followed the *Artco-Bell* case and found that a workmen's compensation insurer need not defend an insured in a former employee's wrongful discharge action, absent a specific provision providing coverage for retaliatory discharge. *Gaedcke*, 716 S.W.2d at 543.

Furthermore, several federal courts in the United States have found wrongful discharge claims in light of 28 U.S.C. § 1445(c) to be removable. *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (N.D.Ill.1986) *aff'd*, 822 F.2d 1091 (7th Cir.1987); *Smith v. Union Carbide Corp.*, 664 F.Supp. 290 (E.D.Tenn.1987).

The Court finds that an Article 8307c claim does not arise under the workmen's compensation act of Texas as contemplated in 28 U.S.C. § 1445. Therefore,

IT IS ORDERED that Plaintiff's Motion to Remand to State Court be and is hereby DENIED.