**Isidra C. CHAVEZ, Plaintiff,**

v.

**FARAH MANUFACTURING COMPANY, INC., Defendant.**

**No. EP–89–CA–80.**

United States District Court, W.D. Texas, El Paso Division.

April 5, 1989.

Jose Montes, Jr., Volk, Montes & Lewis, El Paso, Tex., for plaintiff.

Carl H. Green, Grambling & Mounce, El Paso, Tex., and Mark D. Dore, Alaniz & Schraeder, Houston, Tex., for defendant.

## ORDER OF REMAND

HUDSPETH, District Judge.

Plaintiff Isidra C. Chavez filed suit in the 205th District Court of El Paso County, Texas, against her former employer, Farah Manufacturing Company, Inc. In her original petition in state court, the Plaintiff alleged that she was injured while in the course and scope of her employment for the Defendant; that she filed a claim for compensation under the Texas Workers' Compensation Act, and that she was thereafter discharged by the Defendant in violation of the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307c. The Defendant filed a petition for removal to this Court, contending that the United States District Court had original jurisdiction over the action under 28 U.S.C. § 1331 and 29 U.S.C. § 185. Because the Court finds that this case falls within a category of cases specifically made nonremovable by Congress, the Court will order *sua sponte* that it be remanded to state court.

Title 28, United States Code, Section 1445(c) provides as follows:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The statute codified as Tex.Rev.Civ.Stat. Ann. art. 8307c was enacted by the legislature of the State of Texas as part of the Texas Workers' Compensation Act. *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281, 1283 (S.D.Tex.1974). The action filed by the Plaintiff in the instant case is clearly one arising under the Workers' Compensation Act of the State of Texas. Furthermore, it is now clearly established law that actions brought under a state workers' compensation law are not preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Lingle v. Norge Division of Magic*

*Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Removal to this Court is clearly barred by Section 1445(c). After a short visit on this side of the street, this case should be returned to the state district court where it belongs.

It is therefore ORDERED that this cause be, and it is hereby, REMANDED to the 205th District Court of El Paso County, Texas.