**Rosa M. SOTO, Plaintiff,**

v.

**TONKA CORPORATION, d/b/a Tonka Toys Corporation, Defendant.**

**No. EP–89–CA–236–H.**

United States District Court, W.D. Texas.

Aug. 2, 1989.

Coll Bramblett, Bramblett & Bramblett, P.C., El Paso, Tex., for plaintiff.

Dan Dargene, Kemp, Smith, Duncan & Hammond, El Paso, Tex., for defendant.

## ORDER OF REMAND

HUDSPETH, District Judge.

Plaintiff Rosa M. Soto filed suit in the 41st District Court of El Paso County, Texas, against her former employer, Tonka Corporation. In her original petition in state court, the Plaintiff alleged that she was injured while in the course and scope of her employment for the Defendant; that she filed a claim for compensation under the Texas Workers' Compensation Act, and that she was thereafter discharged by the Defendant in violation of the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307c. The Defendant filed a notice of removal to this Court, contending that the United States District Court had original jurisdiction over the action under 28 U.S.C. § 1332 (diversity of citizenship). The Plaintiff has filed a motion to remand the case to state court. The Court finds that the motion to remand should be granted.

■ The Defendant's claim that this Court has original jurisdiction over the suit under 28 U.S.C. § 1332 is not supported by the pleadings. The Plaintiff's original petition does not allege the citizenship of either the Plaintiff or the Defendant. Instead, it alleges that the Plaintiff is "an individual residing in El Paso County, Texas", and that the Defendant is "a business duly formed and existing under the laws of the state of Texas". The Defendant's original answer asserts that the Defendant lacks sufficient information to admit or deny the allegations concerning the Plaintiff's "residence", but admits that the Defendant is a corporation "formed and existing under the laws of the state of Texas". The Defendant's notice of removal alleges that the Defendant is a citizen of the state of Minnesota, an allegation which appears inconsistent with the first paragraph of its answer. In any event, the pleadings fail to recite anything about the citizenship of the Plaintiff, and such an allegation is indispensable if one wishes to rely upon diversity of citizenship. It is well settled that an allegation of residency will not satisfy the requirement of an allegation of citizenship. *Strain v. Harrelson Rubber Company,* 742 F.2d 888, 889 (5th Cir.1984). Equally fatal to the claim of jurisdiction under Section 1332 is the fact that the Plaintiff has not pled for damages in excess of the jurisdictional amount, to wit: $50,000.00. Therefore, the pleadings do not support removal on the basis of diversity of citizenship and jurisdictional amount.

■ There is an additional reason why remand must be ordered in this case. The Plaintiff's claim in this case comes within a category of cases specifically made nonremovable by Congress. Title 28, U.S.C., § 1445(c) provides as follows:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Almost all courts which have addressed the question have held that retaliatory discharge suits arising out of the worker's compensation scheme of a state are nonremovable under Section 1445(c). *Nabors v. City of Arlington, Texas,* 688 F.Supp. 1165 (E.D.Tex.1988); *Fernandez v. Reynolds Metals Company,* 384 F.Supp. 1281 (S.D. Tex.1974); *Orsini v. Echlin, Inc.,* 637 F.Supp. 38 (N.D.Ill.1986); *Thomas v. Kroger Company,* 583 F.Supp. 1031 (S.D.W. Va.1984); *Kemp v. Dayton Tire and Rubber Company,* 435 F.Supp. 1062 (W.D. Okla.1977). The only case to the contrary is the one upon which the Defendant relies, *Richardson v. Owens–Illinois Glass Container, Inc.,* 698 F.Supp. 673 (W.D.Tex. 1988). This Court finds that the majority rule should be followed. The *Richardson* case represents too narrow a view of the scope of 28 U.S.C. § 1445(c). In the Court's view, a broad construction of Section 1445(c) is necessary to carry out the salutary purpose of Congress to allow all

cases relating to a state's worker's compensation scheme to remain in the state courts where they belong. There is no doubt that the statute under which the instant case is brought, Tex.Rev.Civ.Stat.Ann. art. 8307c, was enacted by the Legislature of the State of Texas as part of the Texas workers' compensation scheme. *Fernandez v. Reynolds Metals Company, supra,* 384 F.Supp. at 1283. The action filed by the Plaintiff in the instant case is clearly one arising under the Workers' Compensation Act of the State of Texas, and it is not removable to federal court.

It is therefore ORDERED that this cause be, and it is hereby, REMANDED to the 41st District Court of El Paso County, Texas. The District Clerk is directed to transmit the file to the District Clerk of El Paso County, Texas.