**Dean L. BLACKMORE, Plaintiff,**

v.

**ROCK–TENN COMPANY, MILL DIVISION, INC., d/b/a United Paper Recycling, Defendant.**

**Civ. A. No. 4–90–088–A.**

United States District Court, N.D. Texas, Fort Worth Division.

Feb. 15, 1991.

Robert Charles Lyon, Lyon & Lyon, Rowlett, Tex., for plaintiff.

Larry E. Forrester, Stephen W. Mooney, Smith, Currie & Hancock, Atlanta, Ga., Henri J. Dussault, McLean, Sanders, Price,

Head & Ellis, Fort Worth, Tex., for defendant.

## ORDER

McBRYDE, District Judge.

Came on to be considered the above-styled and numbered action. On September 11, 1990, plaintiff, Dean L. Blackmore, filed this action in state court against his former employer and defendant, Rock–Tenn Company, Mill Division, Inc., d/b/a United Paper Recycling ("Rock–Tenn"). By way of the original petition, plaintiff claims that he was injured in the course and scope of his employment with Rock–Tenn; that he filed a claim for worker's compensation benefits; and that he was thereafter discharged by Rock–Tenn in violation of the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307c (Vernon 1989).

On February 5, 1990, Rock–Tenn filed a notice of removal alleging that this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and that removal is appropriate under 28 U.S.C. § 1441(a) because there is diversity jurisdiction. Having reviewed the pleadings and notice of removal, the court has concluded that this action should be remanded for the reasons stated below.

■ Plaintiff's claims fall within a category of cases made specifically nonremovable by Congress. Title 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." As a general rule, removal statutes such as the aforementioned are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Federal courts must apply removal statutes in a manner so as to carry out the intent of Congress to restrict removal, *Paxton v. Weaver*, 553 F.2d 936, 940–41 (5th Cir. 1977), and in cases where jurisdiction is doubtful, all doubts should be resolved in favor of remand. *Wallace v. Ryan–Walsh Stevedoring Co.*, 708 F.Supp. 144, 149 (E.D.Tex.1989); *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (S.D.W.Va.1984).

By way of the notice of removal, Rock–Tenn contends that "[t]his Court's original jurisdiction of this matter is not precluded by 28 U.S.C. § 1445(c)."[1] Notice of Removal, ¶ 4. In support of this proposition, Rock–Tenn cites to various cases which the court finds unpersuasive for two reasons. First, plaintiff's claims under art. 8307c clearly "arise under" the Workers' Compensation Act of the State of Texas since such article offers protection for those who wish to pursue claims under the Workers' Compensation Act. *Fernandez v. Reynolds Metal Company*, 384 F.Supp. 1281, 1283 (S.D.Tex.1974); *see also Soto v. Tonka Corp.*, 716 F.Supp. 977, 979 (W.D.Tex. 1989); and *Wallace*, 708 F.Supp. at 148–50. Second, not allowing removal in cases such as this comports with the policy of Congress of restricting removal.[2]

■ The court may *sua sponte* remand an improperly removed action even after expiration of the thirty-day period that 28 U.S.C. § 1447(c) sets forth for filing motions to remand. *See London v. United States Fire Ins. Co.*, 531 F.2d 257, 259–60 (5th Cir.1976); *Federal Deposit Ins. Corp. v. Loyd*, 744 F.Supp. 126, 129–32 (N.D.Tex. 1990). Among the factors considered in determining whether to exercise the discretion to remand in cases such as this are, (1) the procedural history of the action, (2) the role of the opposing party in raising the nonremovability question, and (3), whether remand would result in an injustice to a party. *Loyd*, 744 F.Supp. at 130. In the instant case, there has been no substantive ruling by the court since the notice of re-

1. Such a position appears to be contrary to the majority rule. *See Soto v. Tonka Corp.*, 716 F.Supp. 977, 978 (S.D.Tex.1989).

2. *See Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir.1964) (discussing how federal courts should not "strain" to find a way to entertain workers' compensation cases and that such cases have "little real business in a federal court").

moval was filed by Rock–Tenn. Plaintiff has failed to raise or bring the nonremovability issue to the court's attention. Finally, there is no indication that an order of remand will result in injustice to a party to this action.

For the reasons stated above, the court has concluded that the removal was improper and that the action should be remanded.

The court, therefore, ORDERS that the above-styled and numbered action be, and is hereby, remanded to the state court from which it was removed.