Tracey **DEVORE** and Gary Devore, husband and wife, Plaintiffs,

v.

The **CITY OF MESA, et al., Defendants.**

No. **CIV 91–0036 PHX SMM.**

United States District Court, D. Arizona.

March 29, 1991.

MEMORANDUM AND ORDER

McNAMEE, District Judge.

## BACKGROUND

The original complaint in this action was brought in the Superior Court of the State of Arizona seeking equitable and legal relief under the Arizona Civil Rights Act, the Arizona Constitution, and the United States Constitution. Plaintiff alleges that the City of Mesa, *et al.* discriminately discharged her from her position with the Mesa Police Department because of her handicap (paint allergy). Defendants removed this case to the United States District Court in the District of Arizona pursuant to 28 U.S.C. section 1441(b) based on the district court's original jurisdiction. Plaintiff subsequently dismissed one claim based on 42 U.S.C. section 2000d (prohibition against exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on ground of race, color, or national origin). There are approximately nine claims remaining based on both state and federal law. Plaintiff requests that this Court remand the case to the Superior Court.

## DISCUSSION

In a motion to remand, the burden of proof is on defendant (the party that invoked the federal court's removal jurisdiction) to prove that federal jurisdiction exists. *Salveson v. Western States Bankcard Association,* 731 F.2d 1423, 1426 (9th Cir.1984). This burden is fairly difficult to overcome as the statute is strictly construed against removal jurisdiction. *Id.*

### I. Propriety of the Removal

Defendants filed a timely Notice of Removal with this Court based on its original jurisdiction of plaintiff's federal claims under 28 U.S.C. section 1331. This Court has pendant jurisdiction of plaintiff's state law claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**A. Removal under the eleventh amendment**

Plaintiff argues that the eleventh amendment's bar to a District Court's origi-

Richard Kelly Hocker, Hocker & Axford, P.C., Tempe, Ariz., for plaintiffs.

David A. Selden and John Alan Doran, Streich, Lang, Weeks & Cardon, P.A., Phoenix, Ariz., for defendants.

nal jurisdiction in suits against states extends to cities and municipalities as political subdivisions or arms of the state. While this is a valiant effort to expand the doctrine of sovereign immunity, this Court believes prevailing case law precludes such an expansion.

The United States Supreme Court has repeatedly stated that immunity from suit in federal courts under the eleventh amendment applies to the states but does not apply to municipalities. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035 n. 54, 56 L.Ed.2d 611 (1978); *Mount Healthy City School District v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Plaintiff, quoting from *Mount Healthy* argues that in determining whether an entity (a state agency) is considered an arm of the state, one must look to state law. In that case the Supreme Court determined that a local school board "is more like a county or city than it is like an arm of the State." *Mount Healthy v. Doyle*, 429 U.S. at 280, 97 S.Ct. at 573. Obviously, the Court did not consider counties or cities to be extensions of the state either.

Plaintiff also claims that Arizona recognizes cities as political subdivisions citing *City of Phoenix v. Collar, Williams & White Engineering, Inc.*, 12 Ariz.App. 510, 472 P.2d 479 (1970). That case held that cities are political subdivisions of a state, but the case is of limited applicability as it refers only to the meaning of legislation relating to garnishments. There is no evidence that Arizona intended to extend such an interpretation to immunity from federal court jurisdiction. In addition, that case was decided before *Will* and *Monell* and this Court finds the U.S. Supreme Court cases controlling on this point.

Furthermore, as defendant correctly points out, if the city is an arm of the state, plaintiff's claims under 42 U.S.C. section 1983 would be barred by sovereign immunity in federal and state court. The United States Supreme Court has held that a state may not be sued under 42 U.S.C. section 1983 in either federal or state court because a state is not considered a "person" under section 1983. *Will*, 109 S.Ct. at 2312.

Therefore, removal of this case to federal court is not barred by the eleventh amendment.

B. Removal of a tort claim for workers' compensation retaliation

■ The courts are split on the issue of whether a retaliatory discharge claim arises under a state's workers' compensation act and therefore prohibited from removal under 28 U.S.C. section 1441(c). ["A civil action in any State arising under the workmen's compensation law of such State may not be removed to any district court of the United States."] *See Kilpatrick v. Martin K. Eby Const. Co.*, 708 F.Supp. 1241 (N.D.Ala.1989); *Soto v. Tonka Corp.*, 716 F.Supp. 977 (D.C.Tex.1989); *Chavez v. Farah Mfg.*, 715 F.Supp. 177 (D.C.Tex. 1989); *Roberts v. Citicorp Diner's Club, Inc.*, 597 F.Supp. 311 (D.Md.1984) (action for retaliatory discharge in connection with filing of workers' compensation claim arouse under the workers' compensation statute and was not removable). *But see Richardson v. Owens–Illinois Glass Container, Inc.*, 698 F.Supp. 673 (D.C.Tex. 1988); *Smith v. Union Carbide Corp.*, 664 F.Supp. 290 (E.D.Tenn.1987); *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (D.C.Ill.1986) (action for retaliatory discharge claim in connection with filing of workers' compensation claim did not arise under workers' compensation law). The determination of whether a retaliatory discharge claim arises under the workers' compensation act is based on the interpretation of the state statute. *Roberts v. Citicorp*, 597 F.Supp. at 314. There appears to be no interpretation of the Arizona workers' compensation statute directly on this point, and it is not necessary for this Court to make such an interpretation now.

This Court holds that an action for retaliatory discharge based on a filing of workers' compensation claim is not barred from removal. This Court defers judgment,

however, on whether such a claim "arises under" the workers' compensation laws of this state.

## II. Propriety of Remand

Section 1447(c) provides for remand where there was either a defect in the removal procedure or the district court lacks subject matter jurisdiction. There is no dispute whether the removal procedure was correct. The issue is whether this Court has subject matter jurisdiction.

### A. Dismissal of section 2000d claim

■ Defendants correctly assert that the existence of federal jurisdiction is determined from the complaint as it existed at the time of removal, not as subsequently amended. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir. 1979). This Court had jurisdiction over this action at the time of removal based on the federal claims asserted pursuant to 28 U.S.C. section 1331. Therefore, this Court has jurisdiction to entertain this lawsuit.

It has been a long-standing premise that where federal law claims have been eliminated before trial, the district court has discretion to retain, remand or dismiss the pendent state law claims *see Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In the case now before this Court, the federal claims were not totally eliminated, and this Court will retain jurisdiction.

### B. Predomination of federal law claims

■ The remaining claims in the complaint are a mixture of requests for relief under state and federal law. For a district court to retain removal jurisdiction, the right or immunity created by the Constitution, a treaty or the federal law must be an essential element of the plaintiff's claim of relief. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for So. California,* 463 U.S. 1, 10–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Although plaintiff dismissed one federal claim based on 42 U.S.C. section 2000d, at least four federal claims remain in the complaint based on the United States Constitution and federal law. This Court finds that the remaining federal claims constitute an essential element of plaintiff's complaint and therefore preclude remand.

## CONCLUSION

This Court holds that removal of this case is not barred by the eleventh amendment because defendant, City of Mesa, is not an arm of the State of Arizona. Nor is removal barred by 28 U.S.C. section 1441.

In addition, this Court holds that it has jurisdiction over this case because it had jurisdiction at the time of the removal action, and because federal claims constitute an essential element of the complaint.

Therefore, IT IS ORDERED that the motion to remand is denied.