Angela **CHATMAN,** Plaintiff,

v.

**SAKS FIFTH AVENUE OF TEXAS, INC.,** Defendant.

**Civ. A. No. H–90–1438.**

United States District Court, S.D. Texas.

April 11, 1991.

Richard N. Laminack, Houston, Tex., for plaintiff.

Douglas E. Hamel, Houston, Tex., for defendant.

## OPINION ON DENIAL OF REMAND

HUGHES, District Judge.

Discharging an employee in retaliation for filing a workers' compensation claim violates art 8307c of the Texas Revised Civil Statutes. Federal law prohibits removal of a claim to federal district court when the claim arises under the workers' compensation laws of a state. 28 U.S.C. § 1445(c). Because the court finds that a claim for retaliatory discharge does not arise under the workers' compensation laws of Texas, removal of the claim to this court is proper, and remand will be denied.

### 1. *Background*

Angela Chatman was a detective at Saks Fifth Avenue. She was injured on the job and filed a workers' compensation claim. After 26 weeks on disability leave, Chatman was terminated by Saks on her return to work.

The Saks employee disability benefits plan provides disabled employees these salary and security benefits:

a. Employees on disability for less than 4 weeks receive full salary (the Plan pays full salary less workers' compensation benefits received by the employee) and are guaranteed a return to their former position and salary and original service date;

b. Employees on disability for 4–26 weeks receive full salary and are guaranteed a return to a position of same type as their former position, their former salary, and their original service date; and

c. Employees on disability for 26 consecutive weeks or for 26 weeks in any 52 week period are terminated.

Chatman sued Saks in state court under a state law that prohibits employers from discharging an employee in retaliation for the employee's filing of a workers' compensation claim. Tex.Rev.Civ.Stat. art. 8307c. Saks removed the case to this court, alleging that Chatman's claim is governed by ERISA because she was discharged under the terms of the plan. Saks also alleges that Chatman's claim does not arise under the workers' compensation laws of Texas, so the federal law that prohibits removal of claims arising under a state's workers' compensation laws does not apply, and removal is proper because the parties are diverse. 28 U.S.C. § 1445(c).

### 2. *ERISA is not implicated.*

■ This is not an ERISA claim. It is a claim for retaliatory discharge. Chatman's claim is for being fired by Saks, and Saks is the proper defendant for that claim. While the Saks plan prescribes the benefits to be received by employees, this is not a dispute about benefits. Chatman received disability benefits under the plan. Termination of disability benefits, which also was prescribed by the plan, does not equal being fired. The plan may define termination, but it is Saks, Chatman's employer, and not the plan, that fired Chatman.

3. *Removal under 28 U.S.C. § 1445(c).*

Chatman and Saks are diverse. Chatman is a Texas resident. Saks is a New Jersey corporation with its principal place of business in New York.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). This law prohibits removal of the case to this court if a claim under art. 8307c for retaliatory discharge arises under the Texas workers' compensation laws. If a retaliatory discharge claim does not arise under the Texas workers' compensation laws, Chatman's claim belongs in this court because she and Saks are diverse.

4. *Article 8307c is not part of the Texas workers' compensation laws.*

Federal courts are divided over whether to characterize a retaliatory discharge claim as falling under the workers' compensation laws of the state. This court has previously assumed, without deciding, that "[t]he court has diversity jurisdiction over plaintiff's art. 8307c claim, ..." *Benton v. Kroger,* 640 F.Supp. 1317, 1321 (S.D.Tex. 1986). The Western District of Texas also has held that retaliatory discharge claims do not arise under the workers' compensation laws of Texas, and they are, therefore, removable. *Gillis v. U.S. Natural Resources, Inc.,* 1989 WL 132312 (W.D.Tex. 1989); *Richardson v. Owens–Illinois Glass Container, Inc.,* 698 F.Supp. 673, 674 (W.D.Tex.1988).

Two Texas courts of appeal have also found retaliatory discharge claims to be separable from claims for compensation for injuries. *Fidelity & Casualty Company of New York v. Gaedcke Equipment Co.,* 716 S.W.2d 542, 543 (Tex.App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Artco–Bell Corp. v. Liberty Mutual Insurance Co.,* 649 S.W.2d 722, 724 (Tex.App.–Texarkana [1983], no writ) (workers' compensation laws are enacted "for the purpose of providing compensation and medical expenses, or death benefits, for workers who experience physical injuries while in the

scope of their employment," citing *Woolsey v. Panhandle Refining Co.,* 131 Tex. 449, 116 S.W.2d 675 (1935)).

Other courts have held that similar retaliatory discharge statutes are not part of the workers' compensation laws of their states. *Smith v. Union Carbide Corp.,* 664 F.Supp. 290, 292 (E.D.Tenn.1987) (wrongful discharge claim is an independent tort action); *Powers v. Travelers Insurance Co.,* 664 F.Supp. 252, 254 (S.D. Miss.1987); *Waycaster v. AT & T Technologies, Inc.,* 636 F.Supp. 1052, 1054 (N.D.Ill. 1986) aff'd 822 F.2d 1091 (7th Cir.1987) (wrongful discharge claim is an independent tort action, and does not arise under the workers' compensation laws of Illinois).

In contrast, some district courts in Texas have held that art. 8307c claims fall under the Texas workers' compensation laws, and, therefore, are not removable. *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281, 1283 (S.D.Tex.1974) (Federal courts should not strain to allow removal of workers' compensation suits, and courts should remand when federal jurisdiction is doubtful.); *Soto v. Tonka Corp.,* 716 F.Supp. 977, 978 (W.D.Tex.1989); *Chavez v. Farah Manufacturing Company, Inc.,* 715 F.Supp. 177, 178 (W.D.Tex.1989); *Santos v. P\*I\*E Nationwide, Inc.,* 1986 WL 15587 (W.D.Tex.1986) ("... art. 8307c is a vital part of the Texas Workers' Compensation Act...."); *Olivarez v. Utica Mutual Insurance Co.,* 710 F.Supp. 642, 643 (N.D. Tex.1989); *Wallace v. Ryan–Walsh Stevedoring Company, Inc.,* 708 F.Supp. 144, 1490 (E.D.Tex.1989); *Nabors v. City of Arlington, Texas,* 688 F.Supp. 1165, 1169 (E.D.Tex.1988) (stating as dicta that "... plaintiff's claim of retaliatory discharge undoubtedly 'arises under' the workers' compensation laws of the state of Texas, ..." citing *Fernandez* ).

Still other federal district courts have held that retaliatory discharge statutes do not fall under the workers' compensation laws of their states. *Kilpatrick v. Martin K. Eby Construction Company, Inc.,* 708 F.Supp. 1241, 1243 (N.D.Ala.1989); *Rosell v. Roadway Express, Inc.,* 702 F.Supp. 681, 683 (N.D.Ill.1988); *Orsini v. Echlin, Inc.,*

637 F.Supp. 38, 42 (N.D.Ill.1986); *Alexander v. Westinghouse Hittman Nuclear Corp.,* 612 F.Supp. 1118, 1119–22 (N.D.Ill. 1985); *Thomas v. Kroger,* 583 F.Supp. 1031, 1037 (D.W.V.1984); *Green v. Hajoca Corp.,* 573 F.Supp. 1120, 1123 (E.D.Va. 1983); *Kemp v. Dayton Tire & Rubber,* 435 F.Supp. 1062, 1063 (W.D.Okl.1977).

█ A proper reading of art. 8307c finds it to be separate from the workers compensation laws of Texas. Art. 8307c was enacted in 1971. Acts 1971, 62nd Leg., p. 884, ch. 115, eff. Aug. 30, 1971. Before the passage of art. 8307c, claimants lacked protection under the Texas Workmen's Compensation Act. Sears, *Remedies for Wrongful Discharge Under the Texas Workmen's Compensation Act—The Need for Revision,* 4 Texas Tech L.R. 387, 388 (1974). In 1989, the Legislature comprehensively revamped the state's workers' compensation laws. The recodified Texas Workers' Compensation Act:

a. Regulates the eligibility for, amount of, and procedures for collecting, benefits;

b. Creates the Texas Workers' Compensation Commission;

c. Enacts procedures for adjudicating disputes;

d. Prohibits certain acts;

e. Imposes penalties for violations;

f. Regulates workers' compensation insurance rates;

g. Regulates worker health; and

h. Imposes taxation to pay for system.

S.B. 1, Acts of the 71st Legislature, 2d called sess., 1989. S.B. 1 does not include art. 8307c or a similar provision. Although art. 8307c remains intact, it was expressly deleted from the bill that eventually passed, indicating that the Legislature does not consider it to be a part of the state's workers' compensation laws.

Although the statute is commonly referred to as "article 8307c of the Texas Workers' Compensation Act," *Azar Nut Co. v. Caille,* 734 S.W.2d 667, 668 (1987), these casual references by courts do not supply the reasoning to place the article within the Texas workers' compensation laws. And, while art. 8307c affects the ability of injured workers to file workers' compensation claims, by protecting them from termination for doing so, it does not directly deal with benefit amounts, claim procedure, eligibility for benefits, or adjudication of disputes over benefits, subjects of which workers' compensation laws traditionally are composed.

A retaliatory discharge claim differs, procedurally and substantively, from a workers' compensation claim. An employer cannot be sued for the employee's injuries if the employer is a subscriber of the workers' compensation system, but the employer is the proper defendant for a retaliatory discharge claim. A claim for benefits is filed with the Texas Workers' Compensation Commission, while a claim for retaliatory discharge is brought against the employer for firing the employee for her having filed the claim for benefits.

The involvement of workers' compensation in a claim does not make the claim one under the workers' compensation laws of the state. A retaliatory discharge claim under art. 8307c is analogous to a claim under *Sabine Pilot,* where the Texas Supreme Court carved out an exception to the employment at will doctrine, holding that an employer cannot discharge an employee for refusing to commit an illegal act. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). If an employee is fired for refusing to falsify a workers' compensation form, the claim, although it involves workers' compensation, does not arise under the Texas workers' compensation laws. Here, Chatman claims not that she was denied workers' compensation benefits, but that she was fired because she filed a workers' compensation claim. The essence of her claim is not workers' compensation benefits, but termination.

█ Discharging an employee for filing a workers' compensation claim is an independent statutory wrong. Rather than being part of a workers' compensation claim, a retaliatory discharge action arises from acts by an employer in the labor-management relation.

156

### 5. *Conclusion*

 Although Chatman's claim for retaliatory discharge does not state an ERISA claim, Chatman and Saks are diverse, and her claim for retaliatory discharge does not arise under the workers' compensation laws of Texas, so 28 U.S.C. § 1445(c) is not implicated. Removal is not barred, and this court has jurisdiction over the claim. Chatman's motion to remand will be denied.