**Don G. RONEY, Plaintiff,**

v.

**NATIONSBANK CORPORATION, a corporation a/k/a NCNB Corporation, NationsBank West, a corporation, a/k/a NCNB Texas National Bank, a/k/a NCNB Texas, and Timothy P. Hartman, an individual, Defendants.**

**Civ. No. 3:92–CV–1410–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 20, 1992.

Anthony G. Parham, Dallas, Tex., for plaintiff.

Dean J. Schaner, William C. Strock, Ronald Palmer and Van Harold Beckwith, Baker & Botts, Dallas, Tex., for defendants.

## MEMORANDUM OPINION
## AND ORDER

SANDERS, Chief Judge.

Before the Court are Plaintiff's Supplemental Motion for Remand and Brief in Support, filed August 18, 1992[1]; and De-

---

1.  Plaintiff filed his Motion for Leave to file Supplemental Motion to Remand on July 22, 1992, and attached to it as an exhibit his proposed supplemental motion.  The Court granted leave on August 14, 1992, and directed Plaintiff to file his supplemental motion by August 18, 1992.  By August 18, 1992, however, in anticipation of the Court's grant of leave, the Defendants had already filed their response to Plain-

· fendants' Response to Plaintiff's Motion and Supplemental Motion to Remand to State Court, filed July 31, 1992.

Plaintiff moves to remand this case to state court for lack of federal subject matter jurisdiction. Plaintiff argues that removal to federal court was improvident since the asserted causes of action rely on ERISA[2] solely to measure lost benefits, and not to challenge the adequacy or administration of the benefit plan. Additionally, Plaintiff argues that remand is warranted since subsequent to removal he amended his complaint and removed all elements of future retirement and fringe benefits. And finally, Plaintiff requests compensation for costs incurred as a result of removal.

Defendants in response argue that removal was proper under Fifth Circuit authority, and that Plaintiff's Amended Complaint has no bearing on this Court's subject matter jurisdiction.

Plaintiff filed suit in state court asserting state law causes of action arising out of the termination of his employment as Chief Pilot with NationsBank of Texas, N.A. in Dallas. In his state petition, Plaintiff asserts that he was wrongfully discharged in retaliation for reporting unsafe and illegal flight practices of NationsBank's corporate flight department. At the time of removal, Plaintiff's state petition for wrongful termination included a request for "damages including ... all benefits [he] would have been entitled to had he continued to work at NCNB Texas, including but not limited to ... medical insurance ... disability insurance ... investments plans and retirement." Original Petition, ¶ 6. Defendants removed this case to federal court based on federal question jurisdiction under ERISA, 29 U.S.C. §§ 1001 *et seq.* and 28 U.S.C.

§§ 1331 and 1441(b). Subsequent to removal, on July 14, 1992, Plaintiff filed an Amended Complaint deleting the elements of future retirement and fringe benefits from his request for damages.

It is well-settled that in determining whether federal jurisdiction exists, the Court looks at Plaintiff's state petition at the time of removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939). Subsequent elimination of the federal claims used for removal does not automatically extinguish federal jurisdiction over pendent state claims; the "decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254 (5th Cir.1990). Yet, it is not even necessary to exercise this discretion in this case. As demonstrated below, Plaintiff's original state petition was not subject to ERISA's preemption provision, and thus did not constitute a federal claim capable of endowing this Court with jurisdiction in the first instance.

■ ERISA contains an express preemption provision, which reads as follows:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (emphasis added). The preemption provision is "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95

---

tiff's supplemental motion, as attached to Plaintiff's motion for leave.

To further complicate the procedural history of this case, the supplemental motion filed by Plaintiff on August 18, 1992 differs from the supplemental motion attached to its motion for leave, to which the Defendants had responded. It differs in one significant respect: it responds to Defendants' response of July 31, 1992.

The Court does not believe that this case will benefit from any further briefing. For this rea-

son, the proposed supplemental motion attached to Plaintiff's motion for leave will be treated as Plaintiff's supplemental motion; and Plaintiff's supplemental motion filed subsequent to Defendants' response will be treated as a reply.

**2.** Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

L.Ed.2d 39 (1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)).

"The key to [the preemption provision] is found in the words 'relate to'." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, ——, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990). A cause of action " 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

The principal issue presented by the parties' pleadings is easily distilled to the following query: whether ERISA preempts state adjudication of wrongful discharge cases where lost pension benefits, as alleged, are a consequence of, and not the motivating factor behind, the termination. Resolution of this issue is complicated, however, by the divergent rulings from the Fifth Circuit on interpretation of the preemption provision of ERISA.

In the oft cited case of *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989), the Fifth Circuit found that ERISA preempted a state suit in which the plaintiff was seeking as damages for a breach of contract the benefits he would have received absent the breach. The Fifth Circuit in *Cefalu* reasoned,

> Appellant's claim has a definite *connection* to an employee benefit plan. Plaintiff concedes that if he is successful in this suit his damages would consist of the pension benefits he would have received had he been employed by TCI. *To compute these damages*, the Court must refer to the pension plan under which appellant was covered when he worked for Goodrich. Thus, the precise damages and benefits which appellant seeks are created by the Goodrich employee benefit plan.

*Id.* at 1294 (emphasis added).

The Fifth Circuit has in a series of cases, however, exhibited a trend that moves away from the reasoning adopted in *Cefalu*. In the case of *Sommers Drug Stores Co. v. Corrigan Enterprises, Inc.*, 793

F.2d 1456, 1470 (5th Cir.1986), *cert. denied* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837, 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987), the Fifth Circuit found that a state common law of corporate fiduciary duty "affects benefit plans in too tenuous, remote, and peripheral a manner to warrant a finding that it 'relate[s] to' the plans." In so holding, the court relied on a United States' Supreme Court ruling that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100, 103 S.Ct. at 2901.

To determine whether the contact with ERISA is tenuous, and to construe the "relate to" language, the Fifth Circuit in *Sommers* adopted the following test:

> [T]he courts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan.

*Id.*, 793 F.2d at 1467–77.

In the case of *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 247 (5th Cir.1990), the Fifth Circuit found that a case in which only the damages would be measured in relation to a benefit plan constitutes an "incidental relation to an ERISA plan" which is "insufficient" to "require a finding of peremption." *Id.* at 247. The Fifth Circuit in *Memorial* reasoned,

> The benefits issue arises only to set a benchmark on payments Memorial could have reluctantly relied upon, and to prevent a court from speculating on the proper amount of damages; it is *unrelated* to the Echols' actual right to benefits under the plan.

*Id.* at 247 (emphasis added). *See also Hartle v. Packard Electric*, 877 F.2d 354, 355–56 (5th Cir.1989) (a state common law employment case only "peripherally" related to ERISA, because it does not in any man-

ner implicate the federal regulation of employee benefits under a plan.).

And finally, in the most recent case of *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218–1220 (5th Cir.1992), the Fifth Circuit engaged in a lengthy and informative analysis of the preemption provision of ERISA in light of its own precedent, including *Cefalu* and *Memorial.* In *Christopher,* the Fifth Circuit found that a state suit was preempted by ERISA, but based its ruling on the following significant distinction:

> [T]his case is not one where the main nexus to an employee benefit plan is *only* the calculation of damages.... Here, by contrast, the basis of the claims themselves is the operation of the pension plan; if appellants' claims were *stripped of their link to the pension plans, they would cease to exist.*

*Id.* at 1219–20 (emphasis added).

■ What is preserved in all these rulings from the Fifth Circuit is the centrality of the language "relates to" in the ERISA preemption provision. What stands modified, however, is the definition accorded this language. If it is necessary to the asserted cause of action to consider the structure, administration or the type of benefits provided by an employee benefit plan, the cause of action "relates" to ERISA and is preempted in state court. If, on the other hand, the core of the asserted cause of action exists independent of the benefit plan, the cause of action relates to ERISA in too tenuous a fashion to warrant preemption.

The trend outlined above aligns the Fifth Circuit with a number of other Circuits as regards interpretation of the preemption provision under ERISA. *See, e.g., Clark v. Coats & Clark Inc.*, 865 F.2d 1237, 1242–45 (11th Cir.1989); *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120–21 (4th Cir.1989); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1404–05 (9th Cir.1988); *Rebaldo v. Cuomo,* 749 F.2d 133, 137–39 (2d

Cir.1984), *cert. denied,* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985).

Most importantly, the Fifth Circuit's apparent departure from *Cefalu* is consistent with the United States Supreme Court ruling in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In *Ingersoll,* the Supreme Court held that ERISA preempted a state common law claim that the employer had discharged an employee to prevent his attainment of benefits. In so holding, however, the Supreme Court recognized that despite the breadth of the ERISA's preemption clause, it was limited to cases that related to the plan itself, and was not applicable to cases that merely involved payment of severance benefits under a plan. *Id.* at ——, 111 S.Ct. at 483. The Supreme Court stated,

> Here, the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself.

*Id.* (emphasis in original).

Thus, the inquiry before the Court is whether Plaintiff's state court petition strikes at the core of the benefit plan itself—i.e. its administration, and the type of benefits provided thereunder—or whether it involves a mere calculation of benefits in reference to the plan. In other words, would Plaintiff's causes of action cease to exist if stripped of their link to the pension plan?

The answer is no. Plaintiff's state court petition has nothing to do with the administration of the plan or how benefits are paid under the plan. Instead, Plaintiff seeks damages in a wrongful/retaliatory discharge case in the form of lost benefits, where the discharge itself does not in any manner implicate the plan. In such cases, courts have held that calculation of damages in reference to a plan relates to an ERISA plan in too tangential a manner to warrant preemption[3]. *See Ingersoll,* 498

**3.** Defendants rely on a previous ruling of this Court in support of their argument that calculation of damages with reference to the plan suf-

fices for the purposes of preemption under ERISA. *See Epps v. NCNB,* Civil No. 3:92–CV–0509–H, Memorandum Opinion and Order dat-

U.S. at —, 111 S.Ct. at 483; *Pizlo*, 884 F.2d at 120; *Nowac v. Rheem Mfg. Co.*, 772 F.Supp. 977 (S.D.Tex.1991); *Chatman v. Saks Fifth Avenue of Texas*, 762 F.Supp. 152, 153 (S.D.Tex.1991).

A compensatory award of costs and fees expended in regard to the removal of this case, as requested by Plaintiff, is not warranted under the circumstances.

Plaintiff's Supplemental Motion for Remand is GRANTED. This case is RE-MANDED to the 191st Judicial District Court, Dallas County, Texas.

SO ORDERED.

ed May 8, 1992 (Attached as Exhibit 1 to Defendants' Response). To the extent that the Court's reasoning in *Epps* is at odds with today's ruling, it warrants modification.

The distinguishable facts in *Epps*, however, require that this Court retain jurisdiction therein, and affirm its ruling not to remand. As Plaintiff points out, in contrast to the instant case, the cause of action in *Epps* is substantially intertwined with the issue of benefits. In *Epps*, the plaintiff requested that the Court construe an alleged written agreement which was the sole source of the claimed benefits. The cause of action in *Epps* could not be severed readily from the issue of benefits.