Mamie MOORE, Plaintiff,

v.

MOBIL OIL CORPORATION, et al., Defendants.

No. 1:95–CV–758.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 18, 1995.

John Keith Hyde, Greg Thompson, Provost & Umphrey, Beaumont, TX, for plaintiff.

Gail Cucancic Jenkins, Kirksey E. Martin, Jenkins Grove & Martin, Beaumont, TX, for defendants.

588

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is the Plaintiff's Motion to Remand. After considering the Motion, and the parties' responses, this court is of the opinion that the Motion is meritorious and should be GRANTED for the reasons set forth below.

## BACKGROUND

Mamie Moore filed a Petition in Intervention in a Texas state court asbestos case styled *Juanita Lee Wright, et al. v. Mobil Oil Corporation, et al.* on July 18, 1995. The original petition in that case was filed on April 4, 1995. On August 18, 1995, Defendants filed a notice of removal of Moore's Petition in Intervention.

## ANALYSIS

■ Statutory changes by Congress to 28 U.S.C. 1441(c) have been aimed at constricting the right of removal. *See, e.g.,* 14A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3724 (1985); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951). The latest in these revisions was enacted on December 1, 1990, when Congress amended Section 1441(c) to eliminate the availability of removal involving a "separate or independent claim or cause of action" that falls within the diversity jurisdiction. No federal question is implicated by Ms. Moore's claim.

The Defendants have given this court no legal reason why the Plaintiff's cause of action is properly before this court. Instead, the Defendants have made an argument sounding in equity and public policy for allowing it sever out Ms. Moore's cause of action from the state court case and remove that claim to federal court. This court cannot rewrite the removal statute to grant itself subject matter jurisdiction over this action.

■ Federal district courts must strictly construe the removal statute. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Furthermore, the Fifth Circuit has consistently held that the party urging jurisdiction upon the court bears the burden of demonstrating that the case is one which is properly before that court. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Uncertainty concerning removal jurisdiction must be resolved against removal and in favor of remand. *Blackmore v. Rock–Tenn Co., Mill Div., Inc.,* 756 F.Supp. 288, 289 (N.D.Tex. 1991).

It is not entirely clear to this court how Congress had envisioned the removal statute to apply to situations like the current one. Probably, the Defendants should have severed out Ms. Moore's claim in state court prior to removal. Perhaps, Congress did not intend to give parties finding themselves in the position of the Defendants any opportunity to remove to a federal forum. In any event, it is abundantly clear that Congress has not vested in federal district courts the power to fashion equitable removal solutions to procedural complexities.

The Defendants' have not met their burden of proving this case to be one within the subject matter jurisdiction of this court. Therefore, this court has no choice but to remand this action to state court.