976 F.Supp. 559 (1997)
In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.
Shannon DAVIS, et al., Plaintiffs,
v.
AMERICAN HOME PRODUCTS CORP., et al., Defendants.
MDL No. 1038. No. 1:97-CV-8172.
United States District Court, E.D. Texas, Beaumont Division.
September 23, 1997.
Juana Parks of Provost & Umphrey Law Firm, Beaumont, TX, H. Blair Hahn of Ness, Motley, Loadholt, Richardson & Poole, Mitchell A. Toups of Weller, Green McGown & Toups, LLP, Beaumont, TX, for Plaintiffs.
John W. Vardaman, F. Lane Heard III, Steve Farina of Williams & Connolly, Washington DC, Paul W. Gertz, Larry Germer, Karen Bennett of Germer & Gertz, Beaumont, TX, for Defendants.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
SCHELL, Chief Judge.
This matter is before the court on Plaintiffs' Motion to Remand filed on July 23, 1997. Defendants filed a response in opposition on August 25, 1997. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Plaintiffs' Motion to Remand should be GRANTED.

BACKGROUND
Between March 1995 and February 1996, 1377 plaintiffs represented by the law firm of Provost Umphrey intervened into Bagwell v. Wyeth-Ayerst Laboratories, Case No. 1:94-CV-5022 (E.D.Tex.) (the "Provost Umphrey Plaintiffs"), an action pending before this court as part of the Norplant multidistrict litigation.[1] During the same time period, an additional 1429 plaintiffs represented by the law firm of Slack & Davis (the "Slack & Davis Plaintiffs") filed federal cases (or intervened into existing cases) against Defendants. These cases are also pending before this court as part of the Norplant MDL.
*560 Notwithstanding their continuing participation in the Norplant MDL, the Provost Umphrey Plaintiffs and the Slack & Davis Plaintiffs  together with a few new plaintiffs and 21 plaintiffs whose federal intervention was denied collectively  filed their Plea in Intervention on May 29, 1997, to effect their intervention into Davis v. Wyeth, Cause No. B-150,670, a state court action originally filed in January 1995 and currently still pending in the 60th Judicial District Court of Jefferson County, Texas. Among these 2829 intervenor plaintiffs were the first five bellwether plaintiffs  Jennifer Burton, Theresa Goins (Harrison), Andrea Elaine Haught, Beverly McDaniel, and Kristy Youngblood  against whom summary judgment has already been granted by this court.
After service of the state court Plea in Intervention on May 30, 1997, Defendants timely removed the 2829 intervenor plaintiffs on June 27, 1997.[2] Because Defendants removed only the intervenor plaintiffs, the original Davis plaintiffs were left behind in the state case. On July 23, 1997, Plaintiffs filed a motion to remand; they argue in part that Defendants cannot remove part of a civil action, but instead must remove the entire case including the original plaintiffs. Defendants acknowledge that they did not remove the action brought by the original Davis plaintiffs, but argue that removal is proper under 28 U.S.C. § 1441(a) because each of the 2829 intervenor plaintiffs brings a separate civil action.

ANALYSIS
The primary issue before the court is whether § 1441(a) allows for removal of diverse parties[3] who have intervened in a pending state case while leaving nondiverse parties pending in the state court. Section 1441(a) provides in pertinent part:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a) (emphasis added). Defendants argue that this court has jurisdiction because each of these 2829 intervenor plaintiffs brings a separate "civil action" for purposes of removal under 28 U.S.C. § 1441(a).
Because Defendants assert that diversity jurisdiction exists as to each of the 2829 intervenor plaintiffs, Defendants cannot rely on § 1441(c) to establish the court's removal jurisdiction.[4] When Congress amended § 1441(c) in 1990, it eliminated the availability of removal involving a "separate or independent claim or cause of action" that falls within the diversity jurisdiction. Because no federal question is implicated by the intervenor plaintiffs' claims, Defendants must rely on § 1441(a) to establish the court's removal jurisdiction.
In deciding this issue, the court looks to the Honorable Howell Cobb's opinion in Moore v. Mobil Oil Corp., 904 F.Supp. 587, 588 (E.D.Tex.1995). Like the instant case, the defendants sought to remove the plaintiff's case after she intervened in a previously pending Texas state court asbestos case. Id. *561 The court noted that in all probability, the proper method of removal would have been to sever the plaintiff's claim in state court prior to removal. The court stated that "perhaps, Congress did not intend to give parties finding themselves in the position of the Defendants any opportunity to remove to a federal forum." Id.
Defendants counter, however, that the defendant in Moore made no argument that the intervenor's claim constituted a separate "civil action," nor did Judge Cobb undertake that analysis. Defs.' Opp'n to Pls.' Mot. to Remand at 10 n. 5. Although the defendant in Moore apparently did not make the separate "civil action" argument,[5] Judge Cobb's suggestion to sever prior to removal at least implicitly suggests that neither § 1441(a) nor § 1441(c) provides the court with removal jurisdiction when severance is potentially proper at the state court level.
In light of Moore and the fact that uncertainty concerning removal jurisdiction must be resolved against removal and in favor of remand, Blackmore v. Rock-Tenn Co., Mill Div., Inc., 756 F.Supp. 288, 289 (N.D.Tex.1991), the court declines to exercise subject matter jurisdiction unless and until the diverse parties are formally severed prior to removal from the nondiverse parties pending in the state court case. The conclusion that Defendants must sever the intervenor plaintiffs in state court prior to removal "rests comfortably with two major policies announced in removal jurisprudence, namely, that federal courts must apply the removal statutes in a manner that carries out the intent of Congress to restrict removal, and that cases should be remanded if jurisdiction is doubtful." Wallace v. Ryan-Walsh Stevedoring Co., Inc., 708 F.Supp. 144, 149 (E.D.Tex.1989) (citations omitted).

CONCLUSION
For the above reasons, the court GRANTS Plaintiffs' Motion to Remand.
NOTES
[1] Although these 1377 plaintiffs initially intervened into the same case, this court subsequently entered an order limiting the number of plaintiffs  whether originally filed or by intervention  per case to fifty. See Order Limiting the Number of Pls. Per Case of August 15, 1996.
[2] Defendants originally filed a Motion to Strike Plea in Intervention on June 26, 1997, in the 60th Judicial District Court of Jefferson County, Texas. See American Home Products Corp.'s Notice of Removal of Intervenor Pls.' Actions at Tab 5 (attaching copies of all process, pleadings, and orders received by AHPC in the state proceeding). However, Defendants removed the intervenor plaintiffs before the state district court could rule on the motion to strike.
[3] According to Defendants, although 65 of the 2829 intervenor plaintiffs sued their nondiverse Texas doctors, diversity still exists as to these 65 because the Texas doctors were fraudulently joined in that the intervenor plaintiffs' claims against the doctors are time-barred. Defs.' Opp'n to Pls.' Mot. to Remand at 11-17. However, because the court finds that removal was improper, the court need not reach the fraudulent joinder issue.
[4] 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
28 U.S.C. § 1441(c).
[5] According to Moore, "the Defendants ... made an argument sounding in equity and public policy for allowing it [to] sever out Ms. Moore's cause of action from the state court case and remove that claim to federal court." Moore, 904 F.Supp. at 588.